UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| MICHAEL LYNN ANDERSON, | Case No. 1:08-cv-250 |
| Petitioner, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Ellen S. Carmody |
| JOHN PRELESNIK, Warden, | |
| Respondent. | |

---

## ORDER

**Denying the Petitioner's "Motion in Response to State's Response to . . . Habeas" Petition**
Denying as Moot and Unsupported the Request to Hold the Case in Abeyance;
Denying Request for Legal Advice from the Court

In February 2005, a jury convicted petitioner Michael Lynn Anderson ("Anderson") of the second-degree murder of his girlfriend in violation of MICH. COMP. LAWS § 750.317. For the facts regarding the murder, the discovery of the victim's body parts, and the law-enforcement investigation, *see Anderson v. Preslesnik*, No. 1:2008-cv-250, 2010 WL _____ (W.D. Mich. Mar. 26, 2010) (Maloney, C.J.). Because Anderson was a fourth habitual offender under MICH. COMP. LAWS § 769.12, the state circuit judge sentenced him in March 2005 to 35-65 years of imprisonment. *Id.* at *___. For the procedural history of Anderson's direct appeal to the Michigan appellate courts, and the assignments of error on that appeal, *see id.* at *____ (quoting at length *People v. Michael Lynn Anderson*, COA No. 133455, 2007 WL 247940, *1-3 (Mich. App. Jan. 30, 2007) (p.c.), *app. den.*, No. 261933, 479 Mich. 861, 735 N.W.2d 238 (Mich. July 30, 2007)).

Anderson filed a 28 U.S.C. § 2255 motion to vacate, correct or modify sentence, which the court refers to as a habeas petition. The United States Magistrate Judge issued a Report and Recommendation ("R&R") on January 4, 2010, *see Anderson v. Prelesnik*, 2010 WL 395907 (W.D. Mich. Jan. 4, 2010) (Carmody, M.J.), Anderson filed timely objections, and the court ordered the warden to respond to Anderson's objections no later than Friday, March 5, 2010, which he did. The court overruled Anderson's objections, adopted the R&R, and denied his habeas petition. *See Anderson v. Prelesnik*, No. 1:2008-cv-250, 2010 WL _____ (W.D. Mich. Mar. 26, 2010). The court also declined to issue a certificate of appealability ("COA"), *id.* at \*\_\_\_.

On March 25, 2010, the court received a one-page letter from petitioner Anderson, which he intended apparently as a reply brief in support of his petition. (He must have submitted this letter to prison authorities for mailing before he received this court's opinion denying his habeas petition.) The letter was docketed as a motion. In its entirety, Anderson's letter states as follows:

> I'm writing this motion in response to the state's response to my writ for habeas relief. In their response they explained to the Court that I had not Federalized [sic] some [of] the cases I used.
>
> Or did they think I argued some of my issues [sic]. So in this motion [I]'m asking the Court to allow me to hold the proceeding in abeyance. Until I go back down to the lower Courts, by doing my 6500 brief. I'm sorry that this motion was not done more thoughtful[ly], but the legal writer system did before.
>
> That[']s how I was getting my legal work did [sic] before. So I ask the Court if I am allowed to do this, what is the procedure.
>
> How much time do I get, what should I tell the Court about how much time they have to get this back to me. Anything that I should know in the procedure. Thank you and have a nice day.

Doc 46. For several reasons, Anderson's letter does not alter the outcome and reasoning of this court's opinion adopting the R&R and dismissing his petition. First, he presents no cogent

explanation to justify holding these proceedings in abeyance – which is no longer possible, in any event, as this court already adopted the R&R, dismissed Anderson's petition, and closed the case before receiving his letter.

Second, once the Magistrate Judge has issued an R&R on a habeas petition (or any other matter), additional or supplemental briefs are not accepted unless the court, in an unusual situation, has granted leave to file more briefs at such a late juncture (e.g., due to the Supreme Court or Sixth Circuit's issuance of new binding precedent after the R&R was issued). In short, Anderson cannot file a reply brief ("response to the state's response to my writ for habeas relief") after Magistrate Judge Carmody considered the briefs before her and issued an R&R – let alone after this court issued its decision *adopting* that R&R.

**Third, to the extent that the petitioner is asking this Court for legal advice with regard to this petition or any other matter, it is both inappropriate and impractical for this Court to render such advice to a party.** *See In re Nicole Energy Servs., Inc.*, – B.R. –, –, 2010 WL 668639, *6 (Bankr. S.D. Ohio Feb. 25, 2010) (John Hoffman, Bankr. J.) ("The Court is not permitted to give legal advice to any party, represented or not."); *Aladimi v. Grant Cty. Detention Ctr.*, 2010 WL 399107, *5 (E.D. Ky. Jan. 27, 2010) (Wm. Bertlesman, J.) ("Article III of the federal Constitution limits the jurisdiction of federal courts to consideration of actual cases and controversies, and federal courts are not permitted to render advisory opinions. *Neither the Court, nor its administrative staff, are empowered either to dispense legal advice to parties, or to practice their case on their behalf.*") (italics added, citations omitted); *Burke v. Morgan*, 2009 WL 1598420, *2 (E.D. Ky. June 4, 2009) (Joseph Hood, Sr. J.) ("Specific federal rules govern the discovery process in federal courts. This Court is not empowered either to dispense legal advice to parties, or to practice their case on their

3

behalf."); *Franklin v. Palmer*, 2009 WL 426302, *1 (E.D. Mich. Feb. 20, 2009) (Robert Cleland, J.) ("Petitioner requests information as to 'any avenues for possible relief.' This fairly vague request may be seeking generalized legal advice[,] which the court will not provide."); *Hershey v. Carlson*, 2007 WL 3003172, *1 (W.D. Mich. Oct. 11, 2007) (Gordon Quist, J.) ("The Court may not provide legal advice to litigants."). *Cf. Powell v. State of Ohio*, 284 F.3d 522, 522 (6th Cir. 1960) (per curiam) (Cecil, Weick, O'Sullivan) ("This day this cause came on to be heard upon a letter of Denver Powell to the Chief Judge of this Court. The writer seeks to have the letter considered as an informal motion for leave to appeal, or in the alternative to advise him how to proceed. The Court will consider the motion as an informal motion for leave to appeal, but declines the request for advice, for the reason that a court cannot issue advisory opinions.").

If the Court offered advice to a party, it would effectively abdicate its impartiality by aiding that party's case, potentially at the expense of the opposing party. Such an impropriety could not be rectified by offering advice to the other side, for that would only entangle the court further in a role which is inconsistent with its charge as an absolutely neutral tribunal. *See Brown Bark III, LP v. Vento*, 2009 WL 2513449, *2 n.1 (D. Ariz. Aug. 13, 2009) (James Teilborg, J.) ("The court should not give a party advice because advice 'would undermine district judges role as impartial decisionmakers.'") (quoting *Pliler v. Ford*, 542 U.S. 225, 231 (2004) (J. Thomas for the Court, joined by JJ. Rehnquist, O'Connor, Scalia and Kennedy)).

The ironclad prohibition on courts rendering legal advice to litigants does not change merely because a party elects to proceed *pro se*. As the Supreme Court has stated,

> "A [litigant] does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure. Nor does the Constitution require judges to take over chores for a *pro se* [litigant] that would normally be attended to by trained counsel as a matter of course."

4

*Martinez v. Court of App. of Calif., 4th App. Dist.*, 528 U.S. 152 (2000) (Stevens, J., for the majority) (quoting *McCaskle v. Wiggins*, 465 U.S. 168, 183-84 (1984) (O'Connor, J., for the majority)).

**ORDER**

The petitioner's "motion in response to the state's response to" his habeas petition, including its request for a stay of the case and its request for legal advice from the Court **[# 46] is DENIED.**

This case remains terminated and closed.

**IT IS SO ORDERED this 1st day of April, 2010.**

                                          /s/ Paul L. Maloney
                                          Honorable Paul L. Maloney
                                          Chief United States District Judge