UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL LYNN ANDERSON #180023, | Case No. 1:08-cv-250 |
| Petitioner, | HONORABLE PAUL L. MALONEY |
| v. | |
| JOHN PRELESNIK, Warden, | |
| Respondent. | |

# ORDER
*" Anderson 4 "*

**Denying the Petitioner's Motion for Reconsideration of April 30, 2010 COA Ruling**

In February 2005, a jury convicted petitioner Michael Lynn Anderson ("Anderson") of the second-degree murder of his girlfriend in violation of MICH. COMP. LAWS § 750.317. Because Anderson was a fourth habitual offender under MICH. COMP. LAWS § 769.12, the state circuit judge sentenced him to 35-65 years of imprisonment. For the substance of Anderson's direct appeal to the Michigan appellate courts, *see People v. Anderson*, COA No. 133455, 2007 WL 247940 (Mich. App. Jan. 30, 2007), *app. den.*, No. 261933, 479 Mich. 861, 735 N.W.2d 238 (Mich. July 30, 2007)).

Anderson filed a 28 U.S.C. § 2255 motion to vacate, correct, or modify sentence, which the court refers to as a habeas petition. The Magistrate Judge issued an R&R on January 4, 2010, *see Anderson v. Prelesnik*, No. 1:08-cv-250 Doc 39, 2010 WL 395907 (W.D. Mich. Jan. 4, 2010)

(Carmody, M.J.), Anderson timely objected, and the warden timely responded. The court overruled Anderson's objections, adopted the R&R, and denied the habeas petition. *See Anderson v. Prelesnik*, No. 1:08-cv-250 Doc 44, 2010 WL 1254571, *1-8 (W.D. Mich. Mar. 26, 2010) ("*Anderson 1*"). The court also declined to issue a certificate of appealability ("COA"), *id.* at *8-9.

On March 25, 2010, the court received a one-page letter from Anderson, which he intended apparently as a reply brief in support of his habeas petition, *see* Doc 46. (He must have submitted this letter to authorities for mailing before he received the opinion denying his habeas petition.) Anderson's letter requested a stay of these proceedings, and also seemed to request legal advice. This court concluded that Anderson's letter did not alter the outcome and reasoning of the opinion adopting the R&R and dismissing his petition, nor did it show grounds for his request to hold these proceedings in abeyance. This court also concluded that "to the extent that the petitioner is asking this Court for legal advice with regard to this petition or any other matter, it is both inappropriate and impractical for this Court to render such advice to a party." *Anderson v. Prelesnik*, No. 1:08-cv-250 Doc 47, 2010 WL 1417652 (W.D. Mich. Apr. 1, 2010) ("*Anderson 2*") (cites omitted).

Although this court had already denied a COA in *Anderson 1*, Anderson nonetheless filed a motion for issuance of a COA on April 29, 2010, *see* Docs 49-50. This court denied Anderson's redundant COA motion on April 30, 2010, *see Anderson v. Prelesnik*, No. 1:2008-cv-250 Doc 55, 2010 WL _____ (W.D. Mich. Apr. 30, 2010) ("*Anderson 3*"). On May 18, 2010, Anderson filed a motion seeking reconsideration of that second COA ruling. Anderson's motion states as follows:

> I was denied a certificate of appealability, the reason the court gave us was that I didn't pay filing fees or file the ifp motion and affidavit will result in dismissal of my appeal without further notice. But I did send an affidavit ~~with~~ [sic] which included [a] list of all assets that I posseses [sic] and that I was unable to pay. I filed my motion under the ruling in *Kincade v. Sparkman* cite [sic] 117 F.3d 949 (6th Cir.

1997).

> In the ruling it clearly states, Fee requirement of Prison Litigation Reform Act do[es] not apply to petition[s] for habeas corpus or petition[s] for post-conviction relief. 28 U.S.C.A. §§ 1915, 2254, 2255.
>
> It also states, Prisoner seeking to proceed [as] a pauper on habeas corpus petition or peti[ti]on for post-conviction relief must file affidavit that includes list of all assets that [the] prisoner posses[ses] and [a] statement that prisoner is unable to pay required filing fee, but need not file [a] trust account statement. 28 U.S.C.A. §§ 1915(a)(1), 2254, 2255. Which I sent all the required papers with my brief so why am I being denied when I met the requirements ~~uder~~ [sic] under the ruling of *Kincade v. Sparkman*. I'm asking that the Court review the ruling and reconsider its ruling under the Prison Litigation Reform Act, and the ruling in *Kincade v. Sparkman* 117 F.3d 949 (6th Cir. 1997[).]

Doc 57 (Pet's Mot. for Recon. of COA) at 1-2. Anderson seeks reconsideration of the undersigned's denial of his COA motion, but none of his allegations and arguments pertain to the standard for issuance of a COA or explain how it was error to conclude that he did not meet that standard.[1]

**ORDER**

Petitioner Anderson's May 18, 2010 motion for reconsideration of the April 30, 2010 order denying his application for a certificate of appealability (doc. 55) **[document # 57] is DENIED.**

**IT IS SO ORDERED this     19th     day of May 2010.**

                                                                                /s/ Paul L. Maloney
                                                                                Paul L. Maloney
                                                                                Chief United States District Judge

---

[1] If anything, Anderson seems to express dissatisfaction with a different order – the Magistrate's May 5, 2010 deficiency order regarding his appeal – but he does not make this clear.