UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

―――

MICHAEL LYNN ANDERSON,

            Petitioner,           Case No. 1:08-cv-250

v.                                                 Honorable Paul L. Maloney

JOHN PRELESNIK,

            Respondent.

_____/

### ORDER REGARDING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL AND DENYING CERTIFICATE OF APPEALABILITY

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. On March 26, 2010, the Court entered an opinion and order and a judgment dismissing the petition. The judgment of dismissal followed the Court's *de novo* review of Petitioner's objections to the report and recommendation of the magistrate judge. Petitioner filed a notice of appeal, a motion for leave to proceed *in forma pauperis* on appeal (docket #51) and a motion for certificate of appealability with regard to the Court's judgment. The Court denied Petitioner's motion for a certificate of appealability on April 30, 2010, and on May 5, 2010, the Court issued a deficiency order regarding his motion for leave proceed *in forma pauperis* on appeal. On May 19, 2010, the Court denied Petitioner's motion for reconsideration of the Court's order denying certificate of appealability. On May 25, 2010, Petitioner filed a notice of appeal regarding the Court's May 19 order and a motion for leave to proceed *in forma pauperis* (docket #60).

Federal Rule of Appellate Procedure 3(e) provides that the appellant must pay all required fees at the time a notice of appeal is filed with the district court. Under Sixth Circuit

Internal Operating Procedure 103(1), the docketing fee for a case on appeal is $450.00. In addition, under 28 U.S.C. § 1917, a $5.00 filing fee must be paid to the district court. A prisoner who is unable to pay the required filing fees may seek leave to appeal in a § 2254 action pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure. *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Petitioner has complied with Rule 24(a), which requires him to file a motion for leave to proceed *in forma pauperis* and an affidavit showing his inability to pay the required fees (as prescribed by Form 4 of the Appendix of Forms), his belief that he is entitled to redress, and a statement of the issue he intends to present on appeal. The documents show that Petitioner is unable to pay the filing and docket fees required for an appeal. In light of his indigence, Petitioner may proceed *in forma pauperis* on appeal without pre-paying or giving security for fees and costs. FED. R. APP. P. 24(a)(2). Therefore, Petitioner is not required to pay the $455.00 fee for filing an appeal. *See Kincade*, 117 F.3d at 951 (holding that 28 U.S.C. § 1915(b) provides that the fee provisions of the Prison Litigation Reform Act of 1995 do not apply to an appeal from a decision on an application for habeas relief.)[1]

        The Court also must decide whether to grant Petitioner a certificate of appealability with regard to his second notice of appeal, which concerns the Court's May 19, 2010 order denying Petitioner's motion for reconsideration of the order denying certificate of appealability. Under the amended provisions of the Habeas Corpus Act, a petitioner may not appeal in a habeas case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). Amended Rule 22 of the Federal Rules of Appellate Procedure extends to district judges the authority to issue

---

[1] This court notes that pursuant to 28 U.S.C. § 2254 and Rule 24(a)(3) of the Federal Rules of Appellate Procedure, it is not required to address whether the instant appeal is taken in good faith because Petitioner did not proceed *in forma pauperis* in the district court. *See* 28 U.S.C. § 2254; FED. R. APP. P. 24(a)(3).

a certificate of appealability. FED. R. APP. P. 22(b). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). The filing of a notice of appeal that does not specify the issues that petitioner seeks to have reviewed on appeal will be deemed a request for review of all issues. *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997) (Admin. Ord.). Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Janie Cockrell*, 537 U.S. 322, 326 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

Applying this standard, this Court finds no basis for issuance of a certificate of appealability. The Court has already rejected Petitioner's claims of constitutional error under the standards set forth in the Antiterrorism and Effective Death Penalty Act. Petitioner has not pointed to any flaw in the Court's reasoning or any issue of fact or law overlooked in the adjudication of his petition. The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong, and therefore, properly denied Petitioner a certificate of appealability. Accordingly:

IT IS ORDERED that Petitioner's motions for leave to proceed *in forma pauperis* on appeal (dockets ##51, 60) are GRANTED.

IT IS FURTHER ORDERED that Petitioner is DENIED a certificate of appealability with regard to his second notice of appeal concerning the Court's May 19, 2010 order denying his motion for reconsideration.


Dated: June 3, 2010                /s/ Paul L. Maloney
                                   Paul L. Maloney
                                   Chief United States District Judge